

# IN THE DISTRICT COURT FOR CLEVELAND COUNTY
## STATE OF OKLAHOMA

| | |
|---|---|
| (1) JUSTIN MORRIS, as administrator for the Estate of George Morris, <br><br> Plaintiff, <br><br> v. <br><br> (2) KEITH L. HUMPRHEY, in his official and individual capacity as Chief of Norman Police Department, <br><br> (3) OKLAHOMA HIGHWAY PATROL, a law enforcement agency, <br><br> (4) CITY OF NORMAN, OKLAHOMA, a Political subdivision, <br><br> (5) NORMAN POLICE DEPARTMENT, a law enforcement agency, <br><br> (6) LARRY SHELTON, <br><br> (7) AARON LANCASTER, <br><br> (8) JONATHON HICKS, <br><br> (9) JANSEN IDLETT, <br><br> Defendants. | Case No.: <br><br> STATE OF OKLAHOMA } S.S. <br> CLEVELAND COUNTY <br><br> **FILED** <br><br> APR 21 2014 <br><br> In The Office of the <br> Court Clerk RHONDA HALL <br><br> CJ-2014-490 TB <br><br> ATTORNEY'S LIEN CLAIMED |

## PETITION

COMES NOW, Plaintiff Justin Morris as administrator for the Estate of George Morris ("Morris"), and for her cause of action against the above-named Defendants, would state as follows:

## I. PARTIES, JURISDICTION, VENUE

1. Justin Morris is the administrator of the Estate of George Morris as set forth in Oklahoma County District Court Case No. PB-2013-776. (See Exhbit "A").

2. At the time of his death, George Morris resided in Oklahoma County, Oklahoma.

3. Defendant Keith L. Humprhey ("Humprhey") is the Sheriff of Cleveland County, Oklahoma and the final policymaker for the Sheriff's department.

4. Defendant City of Norman ("City") is a municipal entity situated in Cleveland County.

5. Defendant Norman Police Department ("NPD") is a law enforcement agency for the City of Norman, Oklahoma.

6. Defendant Oklahoma Highway Patrol ("OHP") is a law enforcement agency for the state of Oklahoma.

7. Defendant Larry Shelton ("Shelton") is a Norman Police Department Master Officer employed by Defendant NPD.

8. Defendant Aaron Lancaster ("Lancaster") is a Norman Police Department Officer employed by Defendant NPD.

9. Defendant Johnathon Hicks ("Hicks") is a Norman Police Department Officer employed by Defendant NPD.

10. Defendant Jansen Idlett ("Idlett") is an Oklahoma Highway Patrol Officer employed by Defendant NPD.

11. The events complained of herein occurred in Cherokee County, Oklahoma. The Defendants are persons within the meaning of 42 U.S.C. § 1983, and at all times relevant hereto were acting under color and authority of state law.

2

12. The acts complained of herein occurred in Cleveland County, Oklahoma making jurisdiction and venue in this Court proper, the Defendants were acting under color and authority of state law at all times relevant hereto, and Plaintiff has timely complied with all requirements set forth in the Oklahoma Governmental Tort Claims Act. 51 O.S. § 151 *et seq.*

13. The actions of Defendants: Shelton, Lancaster, and Hicks were objectively unreasonable under the circumstances and exceeded the force necessary in violation of Article 2, Section 30 of the Oklahoma Constitution for which Defendants are liable in their individual capacities and for which the City and NPD is liable under a theory of *respondeat superior. Bosh v. Cherokee County Building Authority*, P.3d 994, (Okla. 2013).

14. The actions of Defendant Idlett were objectively unreasonable under the circumstances and exceeded the force necessary in violation of Article 2, Section 30 of the Oklahoma Constitution for which Defendants are liable in their individual capacities and for which the OHP is liable under a theory of *respondeat superior. Bosh v. Cherokee County Building Authority*, P.3d 994, (Okla. 2013).

## II. STATEMENT OF FACTS

15. On December 16, 2012, NPD's employee Shelton was driving north on Interstate 35 (I-35) drive when he could see Morris, who was naked, running south on I-35. Shelton turned around and started driving south-bound. He met up with Morris and drove behind him while he was running; Shelton yelled from the window for him to stop. When it appeared that Morris was going to stop, Shelton exited the vehicle. Morris began running again, and Shelton asked him to stop. The officer was then able to then speak with Morris, announce himself as an officer of the Norman police department, and then requested Morris sit on the curb. Morris resisted, yelled, and stated incoherent statements. He then looked at the road, and when officer, Shelton turned as well to see what he was

3

looking at, Morris ran across the south-bound lanes towards the median of I-35. During these events, Officer Lancaster had arrived on the scene to assist.

16. According to the Norman Police Department's Criminal Investigations Division Investigative Report ("CIDIR"), "Shelton stated that he was not able to reach George to prevent him from jumping into the north bound lanes. At this time Officer A. Lancaster deployed his taser and made contact with [Morris]. Once the taser was deployed on [Morris], he fell to the ground and curled up."

17. Further the CIDIR stated, Shelton asked George to identify himself, " he stated, 'George, Juanita, Justin." . . . then started yelling "help me" several times." The officers had informed Morris they were there to assist him. They attempted to get Morris on his stomach to place him in hand restraints, but Morris proceeded to resist, and during the time Idlett arrived on the scene and gave assistance. "Officer Al Lancaster announced to Trooper Idlett and MPO L. Shelton that he was going to deploy his Taser again."

18. Morris then stopped, curled up, and stopped resisting the officer, and at this time Hicks arrived to assist as well. All four were attempting to restrain Morris, and then Lancaster used "a dry stun method and placed the Taser on George's front left shoulder and applied the Taser." As stated in the CIDIR. Then when Morris was put onto his stomach, "Idlett secured George's right arm with a handcuff and then . . . Shelton secured George's left arm and he was placed into hand restraints." Then Idlett retrieved leg restraints from his vehicle and placed them on Morris.

19. According to the CIDIR, Captain Praizner's taser report showed that Lancaster, "did have three (3) firings that lasted for five (5) second on 12/16/2012. His approximate time of discharges was 02:05:04, 02:07:33, and 02:07:59."

20. After the Morris was restrained, both the Captain Eric Spor and Fireman Taylor Hendrix noted that Morris was laying face-down, on the ground, with blood around his mouth and nose area. When the medic Valen Little arrived, Morris already ceased breathing and had a faint pulse. Attempts were made to resuscitate Morris including, breathing tubes, CPR, and cardiac medication.

21. The Medical Examiner's report showed the cause of death as "unknown" and explained the circumstances that caused Morris's death. The death was caused by "combination of the coronary artery disease, methamphetamine abuse, and exertion associated with the physical activity of the police interaction resulted in fatal cardiac ischemia . . . therefore, the manner if left as undetermined." The injuries inflicted by the officers are depicted below:



22. Plaintiff has filed a claim with the City of Norman in December of 2013 as is required under the Government Tort Claims Act. Ninety days has passed without any action by the City of Norman or the Norman Policy Department.

5

## III. FIRST CAUSE OF ACTION
*NEGLIGENCE BY RESPONDEAT SUPERIOR AGAINST CITY OF NORMAN*

23. Plaintiff re-adopts and re-alleges all allegations contained in Paragraphs 14-20.

24. Defendant City of Norman and its employees owed a negligence-based duty to provide Plaintiff's decedent with prompt access to medical care following observation of his injuries, and Defendant City of Norman and its employees breached that duty by allowing their acting officer to use excessive and unreasonable force. As a result, Plaintiff's decedent lost the best chance of surviving his injuries for which Defendant City of Norman and its employees are liable.

25. Defendant City of Norman's employees owed a negligence-based duty of care to Plaintiff's decedent to only use such force as a reasonably prudent police officer would use in light of the circumstances confronting the officer under an objective standard. Plaintiff's decedent also enjoyed a right to be free from excessive force by Shelton, Lancaster, Hicks, and Idlett pursuant to the state and federal constitutions.

26. The force applied by Shelton, Lancaster, Hicks, and Idlett exceeded the amount of force necessary under these circumstances which included an unarmed person accused of a misdemeanor, who did not pose an immediate threat to anyone, where there was no exigency of the moment, and where the City of Norman's employees had superior numbers, size and weaponry at their disposal, and alternative means of accomplishing the arrest. As a result, Plaintiff's decedent suffered life-threatening injuries for which Defendant City of Norman and its employees are liable under state and federal law.

27. Defendant City of Norman owed a negligence-based duty to properly train its employees in policies and practices that govern the use of force, and Defendants City of Norman owed a duty to properly train employees to observe, evaluate and properly respond to injuries

6

sustained by those in custody. Upon information and belief, Defendant City of Norman breached their respective duties by failing to properly train the employees who encountered Plaintiff's decedent which resulted in injury and death.

28. Upon information and belief, Defendant, Chief Humphrey, knew that officers encounter individuals in an agitated state, and that such individuals may be under the influence of drugs or alcohol. Upon information and belief, Humphrey knew that officers may be called upon to arrest those individuals, and that such arrests may require an extraordinary amount of force. Upon information and belief, Humphrey knew that such circumstances substantially increase the risk that an arrestee would require prompt medical attention to prevent the arrestee from suffering the effects of substances.

29. That as a direct and proximate result of the conduct detailed above, Plaintiff's decedent suffered great bodily injury and death and, Plaintiff and the children of Plaintiff's decedent have endured and continue to endure both mental pain and suffering, loss of the enjoyment of life, and have suffered further damages all of which will be more particularly proven at trial.

### IV. SECOND CAUSE OF ACTION
*NEGLIGENCE BY RESPONDEAT SUPERIOR AGAINST NORMAN POLICE DEPARTMENT*

30. Plaintiff re-adopts and re-alleges all allegations contained in Paragraphs 14-27.

31. Defendant Norman Police Department and its employees owed a negligence-based duty to provide Plaintiff's decedent with prompt access to medical care following observation of his injuries, and Defendant NPD and its employees breached that duty by allowing their acting officer to use excessive and unreasonable force. As a result, Plaintiff's decedent lost the best chance of surviving his injuries for which Defendant NPD and its employees are liable.

32. Defendant NPD's employees owed a negligence-based duty of care to Plaintiff's decedent to only use such force as a reasonably prudent police officer would use in light of the circumstances confronting the officer under an objective standard. Plaintiff's decedent also enjoyed a right to be free from excessive force by Shelton, Lancaster, Hicks, and Idlett pursuant to the state and federal constitutions.

33. The force applied by Shelton, Lancaster, Hicks, and Idlett exceeded the amount of force necessary under these circumstances which included an unarmed person accused of a misdemeanor, who did not pose an immediate threat to anyone, where there was no exigency of the moment, and where the NPD's employees had superior numbers, size and weaponry at their disposal, and alternative means of accomplishing the arrest. As a result, Plaintiff's decedent suffered life-threatening injuries for which Defendant NPD and its employees are liable under state and federal law.

34. Defendant NPD owed a negligence-based duty to properly train its employees in policies and practices that govern the use of force, and Defendant NPD owed a duty to properly train employees to observe, evaluate and properly respond to injuries sustained by those in custody. Upon information and belief, Defendant NPD breached their respective duties by failing to properly train the employees who encountered Plaintiff's decedent which resulted in injury and death.

35. Upon information and belief, Defendant, Chief Humphrey, knew that officers encounter individuals in an agitated state, and that such individuals may be under the influence of drugs or alcohol. Upon information and belief, Humphrey knew that officers may be called upon to arrest those individuals, and that such arrests may require an extraordinary amount of force. Upon information and belief, Humphrey knew that such circumstances substantially increase the risk that an arrestee would require prompt medical attention to prevent the arrestee from suffering the effects

8

of the substances.

36. The obviousness of the risk presented by the situation required that Humphrey implement adequate policies and provide adequate training to ensure that deputies could effectively recognize and respond to the situation. Upon information and belief, Defendant Humphrey failed to provide adequate training regarding the effects of substances, and that such failure contributed to the death of Plaintiff's decedent in violation of his rights as secured by the federal constitution.

37. That as a direct and proximate result of the conduct detailed above, Plaintiff's decedent suffered great bodily injury and death and, Plaintiff and the children of Plaintiff's decedent have endured and continue to endure both mental pain and suffering, loss of the enjoyment of life, and have suffered further damages all of which will be more particularly proven at trial.

## V. THIRD CAUSE OF ACTION
*NEGLIGENCE BY RESPONDEAT SUPERIOR AGAINST OKLAHOMA HIGHWAY PATROL*

38. Plaintiff re-adopts and re-alleges all allegations contained in Paragraphs 14-35.

39. Defendant Oklahoma Highway Patrol and its employees owed a negligence-based duty to provide Plaintiff's decedent with prompt access to medical care following observation of his injuries, and Defendants OHP and its employees breached that duty by allowing their acting officer to use excessive and unreasonable force. As a result, Plaintiff's decedent lost the best chance of surviving his injuries for which Defendants OHP, and their employees are liable.

40. Defendant OHP's employees owed a negligence-based duty of care to Plaintiff's decedent to only use such force as a reasonably prudent police officer would use in light of the circumstances confronting the officer under an objective standard. Plaintiff's decedent also enjoyed a right to be free from excessive force by Shelton, Lancaster, Hicks, and Idlett pursuant to the state and federal constitutions.

41. The situation required that the Oklahoma Highway Patrol implement adequate policies and provide adequate training to ensure that their troopers could effectively recognize and respond to the situation. Upon information and belief, Oklahoma Highway Patrol failed to provide adequate training regarding the effects of substances, and that such failure contributed to the death of Plaintiff's decedent in violation of his rights as secured by the federal constitution.

42. That as a direct and proximate result of the conduct detailed above, Plaintiff's decedent suffered great bodily injury and death and, Plaintiff and the children of Plaintiff's decedent have endured and continue to endure both mental pain and suffering, loss of the enjoyment of life, and have suffered further damages all of which will be more particularly proven at trial.

## IV. FOURTH CAUSE OF ACTION
*EXCESSIVE FORCE BY OFFICER SHELTON*

43. Plaintiff re-adopts and re-alleges all allegations contained in Paragraphs 14-40.

44. The actions of Defendant Shelton were objectively unreasonable under the circumstances and exceed the force necessary in violation of the Fourth Amendment and in violation of the Fourteenth Amendment of the United States Constitution for which Shelton is liable in his individual capacities pursuant to 42 U.S.C. § 1983.

45. The actions of Defendant Shelton were objectively unreasonable under the circumstances and exceed the force necessary in violation of Article 2, Section 30, of the Oklahoma constitution Shelton is liable in his individual capacities.

46. The actions of Shelton were taken within the scope of his employment and in furtherance of a policy or practice of the City and NPD that condoned the use of excessive force in violation of Article 2, Section 30 of the Oklahoma Constitution for which the City and NPD are liable.

47. That as a direct and proximate result of the conduct detailed above, Plaintiff's decedent suffered great bodily injury and death and, Plaintiff and the children of Plaintiff's decedent have endured and continue to endure both mental pain and suffering, loss of the enjoyment of life, and have suffered further damages all of which will be more particularly proven at trial.

### V. FIFTH CAUSE OF ACTION
*EXCESSIVE FORCE BY OFFICER LANCASTER*

48. Plaintiff re-adopts and re-alleges all allegations contained in Paragraphs 14-49.

49. The actions of Defendant Lancaster were objectively unreasonable under the circumstances and exceed the force necessary in violation of the Fourth Amendment and in violation of the Fourteenth Amendment of the United States Constitution for which Lancaster is liable in his individual capacities pursuant to 42 U.S.C. § 1983.

50. The actions of Defendants Lancaster were objectively unreasonable under the circumstances and exceed the force necessary in violation of Article 2, Section 30, of the Oklahoma constitution Lancaster is liable in his individual capacities.

51. The actions of Lancaster were taken within the scope of their employment and in furtherance of a policy or practice of the City and NPD that condoned the use of excessive force in violation of Article 2, Section 30 of the Oklahoma Constitution for which the City and NPD are liable.

52. That as a direct and proximate result of the conduct detailed above, Plaintiff's decedent suffered great bodily injury and death and, Plaintiff and the children of Plaintiff's decedent have endured and continue to endure both mental pain and suffering, loss of the enjoyment of life, and have suffered further damages all of which will be more particularly proven at trial.

## VI. SIXTH CAUSE OF ACTION
*EXCESSIVE FORCE BY OFFICER HICKS*

53. Plaintiff re-adopts and re-alleges all allegations contained in Paragraphs 14-50.

54. The actions of Defendant Hicks were objectively unreasonable under the circumstances and exceed the force necessary in violation of the Fourth Amendment and in violation of the Fourteenth Amendment of the United States Constitution for which Hicks is liable in his individual capacities pursuant to 42 U.S.C. § 1983.

55. The actions of Defendant Hicks were objectively unreasonable under the circumstances and exceed the force necessary in violation of Article 2, Section 30, of the Oklahoma constitution Hicks is liable in his individual capacities.

56. The actions of Hicks were taken within the scope of his employment and in furtherance of a policy or practice of the City and NPD that condoned the use of excessive force in violation of Article 2, Section 30 of the Oklahoma Constitution for which the City and NPD is liable.

57. That as a direct and proximate result of the conduct detailed above, Plaintiff's decedent suffered great bodily injury and death and, Plaintiff and the children of Plaintiff's decedent have endured and continue to endure both mental pain and suffering, loss of the enjoyment of life, and have suffered further damages all of which will be more particularly proven at trial.

## VII. SEVENTH CAUSE OF ACTION
*EXCESSIVE FORCE BY OFFICER IDLETT*

58. Plaintiff re-adopts and re-alleges all allegations contained in Paragraphs 14-55.

59. The actions of Defendant Idlett were objectively unreasonable under the circumstances and exceed the force necessary in violation of the Fourth Amendment and in violation of the Fourteenth Amendment of the United States Constitution for which Idlett is liable in his individual capacities pursuant to 42 U.S.C. § 1983.

60. The actions of Defendant Idlett were objectively unreasonable under the circumstances and exceed the force necessary in violation of Article 2, Section 30, of the Oklahoma constitution Idlett is liable in his individual capacities.

61. The actions of Idlett were taken within the scope of his employment and in furtherance of a policy or practice of the OHP that condoned the use of excessive force in violation of Article 2, Section 30 of the Oklahoma Constitution for which the OHP is liable.

62. That as a direct and proximate result of the conduct detailed above, Plaintiff's decedent suffered great bodily injury and death and, Plaintiff and the children of Plaintiff's decedent have endured and continue to endure both mental pain and suffering, loss of the enjoyment of life, and have suffered further damages all of which will be more particularly proven at trial.

63. Defendants are placed on notice that the Plaintiff may seek an instruction from the Court which would allow a verdict for punitive damages to be returned in this case.

**WHEREFORE,** all premises considered, Plaintiff respectfully requests the Court enter judgment in her favor in an amount that exceeds $75,000.00.

Respectfully submitted,

GARRETT LAW CENTER, PLLC

_____
Amber N. Peckio Garrett, OBA #19908
D. Mitchell Garrett, OBA # 20704
401 S Boston Ave, STE 2201
Tulsa, OK 74103
Telephone – (918) 895-7216
Facsimile – (918) 895-7217
mitchell@garrettlawcenter.com
ATTORNEYS FOR THE PETITIONER