IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA



JUSTIN MORRIS, as administrator for )
the Estate of George Morris, )
 )
Plaintiff, )
 )
vs. ) No. CIV-14-497-W
 )
KEITH L. HUMPHREY, in his official )
and individual capacities as Chief of )
Norman Police Department, et al., )
 )
Defendants. )

## ORDER

This matter comes before the Court on the Motion to Strike [Doc. 11] filed pursuant to Rule 12(f), F.R.Civ.P., by defendant Keith L. Humphrey, in his official capacity as Chief of the Norman Police Department ("NPD"). Plaintiff Justin Morris, as administrator for the Estate of George Morris, has responded.[1]

In the removed state court petition, Morris named as defendants both Humphrey as NPD Chief,[2] see Doc. 1-4 at 2, ¶ 3 (misidentified as Sheriff of Cleveland County, Oklahoma), and the City of Norman ("City"), see id. ¶ 4, and it appears, for purposes of the instant motion, that Morris has sought relief against these two defendants under title 42, section 1983 of the United States Code and article 2, section 30 of the Oklahoma Constitution.

---

[1] The Court has disregarded the defendants' reply [Doc. 27] because it was untimely filed. See Rule 7.1(I), F.R.Civ.P.

[2] Although the City has also urged the Court to strike Morris' claims against NPD, see Doc. 11 at 1, the Court finds, as it stated in its Order [Doc. 20] dated June 11, 2014, the issue of whether NPD is a suable entity is more appropriately addressed when resolving the Motion to Dismiss [Doc. 12] filed by the City and NPD.

In connection with Morris' section 1983 claims, as the United States Supreme Court has recognized, "[t]here is no longer a need to bring official-capacity actions against local government officials . . . [since] local government units can be sued directly for damages [under section 1983] and injunctive or declaratory relief." Kentucky v. Graham, 473 U.S. 159, 167 n.14 (1985)(citations omitted). Thus, Morris' section 1983 claims against Humphrey in his official capacity are, "in all respects other than name, to be treated as a suit against the [City] . . . ." Id. at 166 (1985)(citation omitted); e.g., id. (real party in interest is entity).

Accordingly, in the absence of any persuasive authority to the contrary,[3] the Court finds there is no need for Morris to name Humphrey in his official capacity as a defendant in this action and that the dismissal of Morris' section 1983 claims against Humphrey in that capacity neither affects the outcome of Morris' claims for relief against the City nor prejudices Morris in litigating these claims. Rather, dismissal of the official capacity suit will clarify and streamline the pleadings.

As to Morris' state law claim, in Bosh v. Cherokee County Building Authority, 305 P.3d 994 (Okla. 2013), the Oklahoma Supreme Court not only recognized a private right of action against a governmental entity for excessive force based on section 30, on which

---

[3]The Tenth Circuit's decision in Youren v. Tintic, 343 F.3d 1296 (10th Cir. 2003), does not persuade the Court otherwise. See Cross Continent Development, LLC v. Town of Akron, 548 Fed. Appx. 524, 531 (10th Cir. 2013)("We feel compelled . . . to note our agreement with [defendant's] . . . characterization of Youren as an anomalous outlier. After all, if 'an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity,' and 'a municipality is immune from punitive damages under 42 U.S.C. § 1983,' then individuals sued in their official capacity should be immune from punitive damages as well. The conclusion seems inescapable. Indeed, the force of this reasoning has led courts within our own circuit to ignore Youren when dismissing punitive damage claims in official-capacity § 1983 suits.")(quotations and further citation omitted).

Morris has relied, notwithstanding the limitations of the Oklahoma Governmental Tort Claims Act ("OGTCA"), 51 Okla. Stat. § 151 et seq., but also held that the doctrine of respondeat superior is available as a theory of recovery for claims under that section. The state court found that "there is no reason why the doctrine of respondeat superior should not apply to hold [municipal] employers liable for their employees['] violation of a plaintiff's rights . . . where the employees act within the scope of their employment." Id. at 1004 (footnote omitted).

In Speight v. Presley, 203 P.3d 173 (Okla. 2008), the state court found that a "[s]uit against a government employee in his . . . official capacity is actually a suit against entity that employee represents and is an attempt to impose liability upon the governmental entity." Id. at 179 (citation omitted). Although Speight, unlike Bosh, involved the OGTCA, the Court nevertheless finds in accordance with Speight that Morris' section 30 claim against Humphrey in his official capacity duplicates his state law claim against the City.

Accordingly, the Court

(1) GRANTS the City's Motion to Strike [Doc. 11] filed on May 27, 2013;

(2) DISMISSES without prejudice[4] Morris' federal and state law claims against Humphrey in his official capacity; and

---

[4]Whether the defendant's request for relief is considered under Rule 12(b)(6), F.R.Civ.P., or Rule 12(f), supra, the result is the same; the Court therefore need not determine which of the two rules–Rule 12(b)(6) or Rule 12(f)–is the proper vehicle in this instance. See, e.g., Dungee v. Board of County Commissioners of Oklahoma County, 2014 WL 1878762 (W.D. Okla. 2014) (asserting claims against both entity and sheriff in his official capacity is duplicative and unnecessary and sheriff in his official capacity should be dismissed); Guy v. Jorstad, 2014 WL 1581790 (D. Colo. 2014)(official capacity claims may be dismissed as redundant).

(3) deems MOOT the City's Motion to Strike Reply [Doc. 26] filed on July 11, 2014.

ENTERED this 14th day of July, 2014.

LEE R. WEST
UNITED STATES DISTRICT JUDGE