IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA


FILED
JUL 1 1 2014
CARMELITA REEDER SHINN, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY_____,DEPUTY

JUSTIN MORRIS, as administrator for )
the Estate of George Morris, )
　)
Plaintiff, )
　)
vs. ) No. CIV-14-497-W
　)
KEITH L. HUMPHREY, in his official )
and individual capacities as Chief of )
Norman Police Department, et al., )
　)
Defendants. )

## ORDER

This matter comes before the Court on the Motion to Dismiss filed by defendant Keith L. Humphrey, in his individual capacity, pursuant to Rule 12(b)(6), F.R.Civ.P. Plaintiff Justin Morris, as administrator for the Estate of George Morris, has responded. Based upon the record, the Court makes its determination.[1]

In Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the United States Supreme Court set forth the standards that this Court must use in determining whether dismissal, as Humphrey has requested, is warranted under Rule 12(b)(6). The Supreme Court held in accordance with Rule 8, F.R.Civ.P., that a complaint need not contain "heightened fact pleading of specifics," 550 U.S. at 570, or "detailed factual allegations," id. at 555 (citations omitted), but it must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570.

---

[1] The Court has disregarded the defendants' reply [Doc. 28] because it was untimely filed. See Rule 7.1(I), F.R.Civ.P.

The United States Court of Appeals for the Tenth Circuit has stated that Twombly imposes a "burden . . . on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he . . . is entitled to relief." Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008)(quoting Twombly, 550 U.S. at 556). The allegations in Morris' removed state court petition (hereafter "Complaint") must therefore "be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief [against Humphrey]." Id. (footnote omitted).

The Court's task at this stage is to determine whether "there are well-pleaded factual allegations," Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009), in the challenged pleading, and if so, the "[C]ourt should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

Id. at 678 (citations omitted).

In this connection, Morris' Complaint "'must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.'" Bryson v. Gonzales, 534 F.3d 1282, 1286 (10th Cir. 2008) (quotation and further citation omitted). While "[t]he nature and specificity of the allegations required to state a plausible claim will vary based on context," Kansas Penn Gaming, LLC v. Collins, 656 F.3d 1210, 1215 (10th Cir. 2011)(citations omitted), neither "'naked assertion[s]' devoid of 'further factual enhancement,'" Iqbal, 556 U.S. at 678

2

(quoting Twombly, 550 U.S. at 557), nor "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory allegations, . . . suffice." Id. (citing Twombly, 550 U.S. at 555). "[T]he Twombly/Iqbal standard recognizes a plaintiff should have at least some relevant information to make the claims plausible on their face." Khalik v. United Air Lines, 671 F.3d 1188, 1193 (10th Cir. 2012). "[I]t demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555 (further citation omitted)), and more than "mere 'labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action' . . . ." Kansas Penn Gaming, 656 F.3d at 1214 (quoting Twombly, 550 U.S. at 555).

According to the Complaint, George Morris ("G Morris") was tased three times by defendant Aaron Lancaster on December 16, 2012; co-defendants Larry Shelton, Jonathon Hicks and Jason Idlett assisted in restraining G Morris, who died that same day, allegedly from a "'combination of . . . coronary artery disease, methamphetamine abuse, and exertion associated with the physical activity of the police interaction[, which] resulted in fatal cardiac ischemia . . . .'" Doc. 1-4 at 5, ¶ 21.

Shelton, Lancaster and Hicks are employed as police officers by the City of Norman ("City");[2] movant Humphrey is Chief of Police for the Norman Police Department.

The instant Motion to Dismiss challenges only Morris' state law claim of negligence[3] against Humphrey, individually, and the Court has examined that claim, first, to the extent, if any, the Oklahoma Governmental Tort Claims Act ("OGTCA"), 51 O.S. § 151 et seq.,

---

[2]Defendant Idlett is employed by the Oklahoma Highway Patrol.

[3]Accordingly, the Court has not addressed Morris' claims, if any, asserted against Humphrey, individually, seeking relief under title 42, section 1983 of the United States Code.

3

applies and second, to the extent, such claim is actionable under article 2, section 30 of the Oklahoma Statutes.[4]

Humphrey has contended that because he is immune from tort liability under OGTCA for acts and omissions within the scope of his employment, the only proper defendant for Morris' negligence claim is the City. E.g., Shephard v. CompSource Oklahoma., 209 P.3d 288, 294 (Okla. 2009)(political subdivision's liability for loss resulting from torts of its employees acting within the scope of their employment is exclusive and in place of all other liability of employee). The Court agrees.[5]

Morris has charged Humphrey with failing to provide adequate training regarding excessive force and the need for prompt medical attention; these allegations do not suggest that Humphrey was not acting within the scope of his employment with the City,[6] and Morris has not argued otherwise. Accordingly, the Court finds that the Complaint fails to state a tort claim against Humphrey in his individual capacity.

In Bosh v. Cherokee County Building Authority, 305 P.3d 994, 1004 (Okla. 2013), the Oklahoma Supreme Court not only recognized a private right of action against a governmental entity for excessive force based on section 30, notwithstanding the

---

[4]See Bosh v. Cherokee County Building Authority, 305 P.3d 994, 1004 (Okla. 2013)(claim under section 30 does not arise under OGTCA).

[5]E.g., 51 O.S. § 152.1(A)(employees acting within the scope of their employment shall be immune from liability for torts); id. § 163(C)(suits instituted pursuant to OGTCA shall name as defendant political subdivision against which liability is sought to be established; in no instance shall employee acting within the scope of his employment be named as defendant).

[6]E.g., id. § 152(9)("scope of employment" means performance by employee acting in good faith within the duties of employee's office or employment or of tasks lawfully assigned by competent authority, but shall not include corruption or fraud).

4

limitations of the OGTCA, but also held that the doctrine of respondeat superior is available as a theory of recovery for claims under that section. The state court found that "there is no reason why the doctrine of respondeat superior should not apply to hold [municipal] employers liable for their employees['] violation of a plaintiff's rights . . . where the employees act within the scope of their employment." Id. at 1004 (footnote omitted).

As the Honorable Joe Heaton recognized, however, "liability under Bosh is directed to the 'employer,' rather than 'supervisors.'" Koch v. Juber, 2014 WL 2171753 *3 n.8 (W.D. Okla. 2014). Shelton, Lancaster and Hicks are the individuals charged with using excessive force; because Humphrey, individually, is not their employer, the Court finds Humphrey in his individual capacity is entitled to dismissal of Morris' section 30 claim for relief.

Based upon the foregoing, the Court GRANTS the Motion to Dismiss [Doc. 13] filed on May 27, 2014, by defendant Humphrey in his individual capacity and DISMISSES Morris' state law claims against this defendant.

ENTERED this _14th_ day of July, 2014.

LEE R. WEST
UNITED STATES DISTRICT JUDGE

5