IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA

JUSTIN MORRIS, as administrator for )
the Estate of George Morris, )
)
        Plaintiff, )
)
vs. ) No. CIV-14-497-W
)
KEITH L. HUMPHREY, in his official )
and individual capacities as Chief of )
Norman Police Department, et al., )
)
        Defendants. )

## ORDER

This matter comes before the Court on the Motion to Dismiss filed pursuant to Rule 12(b)(6), F.R.Civ.P., by defendants City of Norman ("City") and Norman Police Department ("NPD"). Plaintiff Justin Morris, as administrator for the Estate of George Morris, has responded. Based upon the record, the Court makes its determination.[1]

In Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the United States Supreme Court set forth the standards that this Court must use in determining whether dismissal, as the defendants have requested, is warranted under Rule 12(b)(6). The Supreme Court held in accordance with Rule 8, F.R.Civ.P., that a complaint need not contain "heightened fact pleading of specifics," 550 U.S. at 570, or "detailed factual allegations," id. at 555 (citations omitted), but it must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570.

---

[1] The Court has disregarded the defendants' reply [Doc. 29] because it was untimely filed. See Rule 7.1(I), F.R.Civ.P.

The United States Court of Appeals for the Tenth Circuit has stated that Twombly imposes a "burden . . . on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he . . . is entitled to relief." Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008)(quoting Twombly, 550 U.S. at 556). The allegations in Morris' removed state court petition (hereafter "Complaint") must therefore "be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief [against the City and NPD]." Id. (footnote omitted).

The Court's task at this stage is to determine whether "there are well-pleaded factual allegations," Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009), in the challenged pleading, and if so, the "[C]ourt should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

Id. at 678 (citations omitted).

In this connection, Morris' Complaint "'must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.'" Bryson v. Gonzales, 534 F.3d 1282, 1286 (10th Cir. 2008) (quotation and further citation omitted). While "[t]he nature and specificity of the allegations required to state a plausible claim will vary based on context," Kansas Penn Gaming, LLC v. Collins, 656 F.3d 1210, 1215 (10th Cir. 2011)(citations omitted), neither "'naked assertion[s]' devoid of 'further factual enhancement,'" Iqbal, 556 U.S. at 678

2

(quoting Twombly, 550 U.S. at 557), nor "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory allegations, . . . suffice." Id. (citing Twombly, 550 U.S. at 555). "[T]he Twombly/Iqbal standard recognizes a plaintiff should have at least some relevant information to make the claims plausible on their face." Khalik v. United Air Lines, 671 F.3d 1188, 1193 (10th Cir. 2012). "[I]t demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555 (further citation omitted)), and more than "mere 'labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action' . . . ." Kansas Penn Gaming, 656 F.3d at 1214 (quoting Twombly, 550 U.S. at 555).

According to the Complaint, George Morris ("G Morris") was tased three times by defendant Aaron Lancaster on December 16, 2012; co-defendants Larry Shelton, Jonathon Hicks and Jason Idlett assisted in restraining G Morris, who died that same day, allegedly from a "'combination of . . . coronary artery disease, methamphetamine abuse, and exertion associated with the physical activity of the police interaction[, which] resulted in fatal cardiac ischemia . . . .'" Doc. 1-4 at 5, ¶ 21. Shelton, Lancaster and Hicks are employed as police officers by the City; Idlett is employed by the Oklahoma Highway Patrol.

To the extent Morris has sought relief against NPD under title 42, section 1983 of the United States Code, case law teaches that NPD is not a suable entity. E.g., Martinez v. Winner, 771 F.2d 424, 444 (10th Cir. 1985), vacated on other grounds by Tyus v. Martinez, 475 U.S. 1138 (1986)("City of Denver Police Department" not a separate suable entity); Ketchum v. Albuquerque Police Department, 1992 WL 51481 *2 (10th Cir.

3

1992)(police departments are not suable entities under section 1983 because they lack legal identities apart from municipality)(cited pursuant to Tenth Cir. R. 32.1).

The Court likewise finds under the circumstances of this case and because the City is a named defendant that any allegations that NDP is a "political subdivision"[2] for purposes of the Oklahoma Governmental Tort Claims Act ("OGTCA"), 51 O.S. § 151 et seq.,[3] are redundant of Morris' state law claims against the City. Accordingly, NDP is entitled to dismissal.

As to Morris' section 1983 claims, the City has argued that Morris' allegations sound in negligence and/or respondeat superior, and thus, do not support a claim under section 1983. The Court agrees.

Morris' first cause of action, entitled "Negligence by Respondeat Superior Against City of Norman," see Doc. 1-4 at 6, alleges that the City owed both

(1) "a negligence-based duty to provide [G Morris] . . . with prompt access to medical care . . . ," id. ¶ 24; and

(2) "negligence-based dut[ies] to properly train its employees in policies and practices that govern the use of force, and . . . to observe, evaluate and properly respond to injuries sustained by those in custody." Id. at 5-6, ¶ 27.

---

[2] See 51 O.S. § 152(11)(a)("political subdivision" means a municipality and its institutions, instrumentalities and agencies).

[3] See Hester v. Express Metal Fabricators, L.L.C., 2011 WL 5837086 (N.D. Okla. 2011)(any claim under OGTCA must name political subdivision against which liability is sought to be established; Big Cabin City Police Department is not a political subdivision and thus, Big Cabin City Police Department is not a proper party to suit); Mathis v. Town of Hennessey, 2009 WL 3763836 (W.D. Okla. 2009)(police department is not a political subdivision as defined by OGTCA).

4

"Since Monell[ v. Department of Social Services, 436 U.S. 658 (1978),] the [United States] Supreme Court has 'consistently refused to hold municipalities liable under a theory of respondeat superior[.]'" Dodds v. Richardson, 614 F.3d 1185, 1202 (10th Cir. 2010). Rather, liability is imposed "upon municipalities when the enforcement of their policies or customs by their employees causes a deprivation of a person's federally protected rights." Id. (citing Board of County Commissioners of Bryan County v. Brown, 520 U.S. 397, 403 (1997)). Because Morris has relied solely on the doctrine of respondeat superior in connection with his section 1983 claims against the City, such claims must fail.

Moreover, "it is not enough for a [section] 1983 plaintiff merely to identify conduct properly attributable to the municipality. The plaintiff must also demonstrate that, through its deliberate conduct, the municipality was the 'moving force' behind the injury alleged. That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." Brown, 520 U.S. at 404. The City's alleged negligent actions do not constitute the intentional and deliberate violation of G Morris' constitutional rights required by section 1983.

The City has also argued, to the extent Morris has sought relief under state law, that it is likewise entitled to dismissal. In his Complaint, Morris has asserted that because Shelton, Lancaster and Hicks acted unreasonably and with excessive force in violation of article 2, section 30 of the Oklahoma Constitution,[4] they are liable in their individual

---

[4]Article 2, section 30 of the Oklahoma Constitution reads:

The right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches or seizures shall not be violated; and no warrant

5

capacities and that the City is liable under a theory of respondeat superior under <u>Bosh v. Cherokee County Building Authority</u>, 305 P.3d 994 (Okla. 2013). <u>See</u> Doc. 1-4 at 3, ¶ 13.

In <u>Bosh</u>, the Oklahoma Supreme Court not only recognized a private right of action against a governmental entity for excessive force based on section 30, notwithstanding the limitations of the OGTCA, but also held that the doctrine of respondeat superior is available as a theory of recovery for claims under that section. The state court found that "there is no reason why the doctrine of respondeat superior should not apply to hold [municipal] employers liable for their employees['] violation of a plaintiff's rights . . . where the employees act within the scope of their employment." <u>Id</u>. at 1004 (footnote omitted).

Having denied Shelton, Lancaster and Hicks' request for dismissal of all claims in a separate Order, the Court finds at this stage of the proceedings that the City may be held liable under a theory of respondeat superior under section 30. Accordingly, the City is not entitled to dismissal of Morris' state law claims that seek relief under section 30 and <u>Bosh</u>.

Based upon the foregoing, the Court

(1) GRANTS the Motion to Dismiss [Doc. 12] filed on May 27, 2014, to the extent that Morris' federal and state law claims against NPD should be and are hereby DISMISSED;

(2) GRANTS said Motion to the extent that Morris' federal law claims against the City are likewise dismissed without prejudice; and

(3) DENIES said Motion to the extent that Morris has asserted state law claims

---

shall issue but upon probable cause supported by oath or affirmation, describing as particularly as may be the place to be searched and the person or thing to be seized.

under section 30 and <u>Bosh</u> against the City.

ENTERED this 11th day of July, 2014.

LEE R. WEST
UNITED STATES DISTRICT JUDGE