# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

1. JUSTIN MORRIS, as administrator for the Estate of George Morris,

    Plaintiff,

v.

1. KEITH L. HUMPHREY, in his individual capacity,

2. OKLAHOMA HIGHWAY PATROL, a law enforcement agency,

3. CITY OF NORMAN, OKLAHOMA, a political subdivision,

4. LARRY SHELTON,

5. AARON LANCASTER,

6. JONATHON HICKS, and

7. JANSEN IDLETT,

    Defendants.

Case No. CIV-14-0497-W

## ANSWER OF CITY OF NORMAN, OKLAHOMA

**COMES NOW** Defendant City of Norman, Oklahoma (City), and for its Answer to Plaintiff's Petition alleges and states as follows:

### I. PARTIES, JURISDICTION VENUE

1. The City admits the material allegations set forth in paragraph 1 of Plaintiff's Petition.

2. The City admits the material allegations set forth in paragraph 2 of Plaintiff's Petition.

3. The City denies the material allegations set forth in paragraph 3 of Plaintiff's Petition.

4. The City admits the material allegations set forth in paragraph 4 of Plaintiff's Petition.

5. The City admits the material allegations set forth in paragraph 5 of Plaintiff's Petition.

6. Paragraph 6 of Plaintiff's Petition does not require an answer from the City.

7. The City admits the material allegations set forth in paragraph 7 of Plaintiff's Petition.

8. The City admits the material allegations set forth in paragraph 8 of Plaintiff's Petition.

9. The City admits the material allegations set forth in paragraph 9 of Plaintiff's Petition.

10. Paragraph 10 of Plaintiff's Petition does not require an answer from the City.

11. The City denies the material allegations set forth in paragraph 11 of Plaintiff's Petition.

12. The City admits the material allegations set forth in paragraph 12 of Plaintiff's Petition.

13. The City denies the material allegations set forth in paragraph 13 of Plaintiff's Petition.

14. Paragraph 14 of Plaintiff's Petition does not require an answer from the City.

## II. STATEMENT OF FACTS

15. The City admits the material allegations set forth in paragraph 13 of Plaintiff's Petition.

16. The City admits the material allegations set forth in paragraph 16 of Plaintiff's Petition.

17. The City admits the material allegations set forth in paragraph 17 of Plaintiff's Petition.

18. The City admits the material allegations set forth in paragraph 18 of Plaintiff's Petition.

19. The City admits the material allegations set forth in paragraph 19 of Plaintiff's Petition.

20. The City admits that after George Morris was restrained, Captain Eric Spor and Firefighter Taylor Hendrix noted that G. Morris was lying face-down on the ground, that Captain Spor noted that "[t]here was blood coming from his [G. Morris'] mouth and nose," and that Firefighter Hendrix noted that G. Morris had a "slightly bloody mouth." The City further admit that G. Morris had a faint pulse when EMSStat Paramedic Valen Little arrived and that attempts were made to resuscitate G. Morris, including but not limited to breathing tubes,

CPR, and cardiac medication. The City denies that G. Morris had already ceased breathing when Paramedic Little arrived.

21. The City admits that the Medical Examiner's report states:

> The combination of the coronary artery disease, methamphetamine abuse, and exertion associated with the physical activity of the police interaction resulted in fatal cardiac ischemia. The evidence of manner of death is equally distributed between NATURAL and ACCIDENT; therefore, the manner is left as UNDETERMINED.

The photographs set forth in paragraph 21 of Plaintiff's Petition are blurry, and thus the City is without sufficient information to either admit or deny that they inflicted the injuries alleged to be depicted on said photographs.

22. The City admits the material allegations set forth in paragraph 22 of Plaintiff's Petition.

### III. FIRST CAUSE OF ACTION
*NEGLIGENCE BY RESPONDEAT SUPERIOR AGAINST CITY OF NORMAN*

23. The City adopts and alleges its answers to paragraphs 14-20 in response to paragraph 23 of Plaintiff's Petition.

24. The City denies the material allegations set forth in paragraph 24 of Plaintiff's Petition.

25. Paragraph 25 of Plaintiff's Petition sets forth statements of law that do not require an answer from the City.

26. The City denies the material facts set forth in paragraph 26 of Plaintiff's Petition.

27. The City denies the material facts set forth in paragraph 27 of Plaintiff's Petition.

28. The City denies the material facts set forth in paragraph 28 of Plaintiff's Petition.

29. The City denies the material facts set forth in paragraph 28 of Plaintiff's Petition.

## IV.    SECOND CAUSE OF ACTION
*NEGLIGENCE BY RESPONDEAT SUPERIOR AGAINST NORMAN POLICE DEPARTMENT*

30-37.    Paragraphs 30-37 of Plaintiff's Petition alleged a negligence claim against the Norman Police Department.  This claim has been dismissed, and thus these paragraphs do not require answers from the City.  However, to the extent that these paragraphs allege that the City is liable under state or federal law, the City denies said allegations.

## V.    THIRD CAUSE OF ACTION
*NEGLIGENCE BY RESPONDEAT SUPERIOR AGAINST OKLAHOMA HIGHWAY PATROL*

38-42.    Paragraphs 38-42 of Plaintiff's Petition allege a negligence claim against the Oklahoma Highway Patrol.  These paragraphs do not require an answer from the City.  However, to the extent that these paragraphs allege that the City is liable under state or federal law, the City denies said allegations.

## VI. FOURTH CAUSE OF ACTION
*EXCESSIVE FORCE BY OFFICER SHELTON*

43-47. Paragraphs 43-47 of Plaintiff's Petition allege an excessive force claim against Officer Larry Shelton. These paragraphs do not require an answer from the City. However, to the extent that these paragraphs allege that the City is liable under state or federal law, the City denies said allegations.

## VII. FIFTH CAUSE OF ACTION
*EXCESSIVE FORCE BY OFFICER LANCASTER*

48-52. Paragraphs 48-52 of Plaintiff's Petition allege an excessive force claim against Officer Aaron Lancaster. These paragraphs do not require an answer from the City. However, to the extent that these paragraphs allege that the City is liable under state or federal law, the City denies said allegations.

## VIII. SIXTH CAUSE OF ACTION
*EXCESSIVE FORCE BY OFFICER HICKS*

53-57. Paragraphs 53-57 of Plaintiff's Petition allege an excessive force claim against Officer Jonathon Hicks. These paragraphs do not require an answer from the City. However, to the extent that these paragraphs allege that the City is liable under state or federal law, the City denies said allegations.

## IX. SEVENTH CAUSE OF ACTION
*EXCESSIVE FORCE BY OFFICER IDLETT*

58-63. Paragraphs 58-63 allege an excessive force claim against the Oklahoma Highway Patrol Trooper Jansen Idlett. These paragraphs do not require an answer from the City.

## AFFIRMATIVE DEFENSES

1. Contributory negligence.

2. Assumption of the risk.

**WHEREFORE** having fully answered Plaintiff's Petition, the City prays that Plaintiff take nothing by way of his Petition and that the City be awarded all other relief deemed just and equitable.

Respectfully submitted,

CITY OF NORMAN, OKLAHOMA
JEFF HARLEY BRYANT, CITY ATTORNEY

by: s/ *Rickey J. Knighton II*
Rickey J. Knighton II, OBA No. 17257
Assistant City Attorney
Kristina L. Bell, OBA No. 21597
Assistant City Attorney
P.O. Box 370
201 West Gray
Norman, Oklahoma 73070
Telephone: (405) 366-5423
Facsimile: (405) 366-5425
Email: rick.knighton@normanok.gov
Email: kristina.bell@normanok.gov

Attorneys for Defendant City of Norman

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 17, 2014, I electronically transmitted the above and foregoing Motion to Dismiss to the Clerk of Court using the ECF System for filing and the following registrants: Amber N. Peckio Garrett, D. Mitchell Garrett, and Devan Pederson.

s/ *Rickey J. Knighton II*