# IN THE UNITED STATES DISRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JUSTIN MORRIS, as administrator for the Estate of George Morris, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No.: 5:14-cv-00497-W |
| Keith L. Humphrey, et al., | ) ) ) | |
| Defendants. | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS'
LARRY SHELTON, AARON LANCASTER, AND JONATHON HICKS'
QUALIFIED IMMUNITY MOTION FOR SUMMARY JUDGMENT**

COMES NOW Justin Morris, as administrator for the Estate of George Morris, ("Plaintiff"), by and through his attorney of record Mitchell Garrett, of Garrett Law Center, PLLC, and responds to Defendants', Larry Shelton, Aaron Lancaster, and Johnathon Hicks', ("Defendants") Qualified Immunity Motion for Summary Judgment ("Motion"). In support of this Response, the Plaintiff submits the following Brief.

## BRIEF IN SUPPORT

### I. INTRODUCTION

This case arises out of the death of Plaintiff's decedent, George Morris ("G. Morris"), as a result of excessive administered by defendants: Officers Shelton, Lancaster, and Hicks, and Oklahoma Highway Patrol Trooper Jansen Idlett ("Trooper"). On December 16, 2012, at approximately 2:07 a.m., the Norman Police Department ("NPD") received a 9-1-1 call regarding a naked man standing in the southbound lanes of Interstate 35 near Norris Marine. Officers Shelton, Lancaster, and Hicks responded to the welfare check created by the 9-1-1 call.

1

## II. STATEMENT OF CONTESTED FACTS

Plaintiff argues as to facts alleged in Defendants' Motion as follows. Defendants assert in their Motion that G. Morris "posed to the immediate safety of. . . Officers Shelton, Lancaster, and Hicks" [Doc. #41, para. 1]. Apparent by the video of Trooper Jansen Idlett's dash-cam video, [Doc. #39] there was not a perceived threat to officer considering he promptly exited the vehicle with a ride-along and detainee already in the vehicle. With the assumption of a threat, a reasonable Officer would not endanger a ride-along passenger and another detainee. Further, rather than subdue G. Morris, Defendants immediately escalated their use of force, using excessive force, which we now know became deadly force. Plaintiff asserts the video demonstrates a stomping motion, which during this time according to the Norman Police Department Criminal Investigations Division Investigative Report (Doc. #14-1) Defendants deployed the taser as well. Statements contained in Defendants' Motion and evidence produced creates a clear contradiction of facts that are up to a trier of fact to decide.

During the time defendants attempted to restrain G. Morris, it appears the struggled stopped and during this time it Trooper appeared to stand calmly, indicating no further resistance from G. Morris. Trooper is able to stand near G. Morris and speak on his radio, approximately at 24:52 in video. This is prior to Trooper going back to his vehicle to grab restraints. These actions which appear on video contraindicate

City of Norman Police department provided Plaintiff's counsel Walk-Through Audio with other further documents pursuant to an open records request. In this walk-through audio at 2:39, one of the Defendants asserts that G. Morris was tased, and then "went down." Later at 10:48, one of the Defendants described G. Morris as having "calmed down" at one point. Defendants' assertion that G. Morris was a threat to their safety, allowing additional and deadly

force to be used would be excessive at this point. Based upon these facts, Plaintiff's counsel asserts there is enough evidence for trier of fact that Defendants used excessive force.

Further contention by Defendants that medical care was provided promptly and accurately is a speculative fact. The video of Trooper Jansen Idlett's dash-cam determines a (10) minute interval from the commencement of the actions mentioned in the above paragraph until paramedics arrived shortly. The time lapsed may be construed as excessive time before the paramedics were alerted, but this is a conclusion to be reviewed and determined by a jury. Therefore, it cannot be concluded that Defendants requested medical assistance promptly.

### III.     STANDARD OF REVIEW

The following principles govern review of a summary judgment motion:

1)     The movant must demonstrate that it is entitled to summary judgment "beyond a reasonable doubt." *Florom v. Elliott Mfg.*, 867 F.2d 570, 574 (10th Cir. 1989).

2)     The factual record, including any reasonable inferences drawn from it, must be viewed in the light most favorable to the nonmoving party. *Cone v. Longmont United Hosp. Association*, 14 F.3d 526, 528 (10th Cir. 1994) *Calhoun v. Gaines*, 982 F.2d 1470, 1472 (10th Cir. 1992). Thus, even if there are no material facts in dispute, summary judgment must be denied if there are different inferences that may be drawn from the undisputed facts.

3)     In reviewing the record for genuine issues of material fact, the trial court must construe the pleadings and evidence liberally in favor of the nonmoving party. *Cole v. Ruidoso Municipal Schools*, 43 F.3d 1373 (10th Cir. 1994).

4)     The trial court must deny summary judgment when reasonable jurors might disagree, even if the judge would find for the moving party. *City of Chanute v. Williams Natural*

*Gas Co.*, 955 F.2d 641, 647 (10th Cir. 1992). Therefore, the non-moving party need not present evidence that will convince the trial court to find liability in his favor – he need only present sufficient evidence from which a reasonable jury could find liability.

5) The non-moving party need not produce evidence at the summary judgment stage in a form that is admissible. *Thomas v. International Business Machines*, 48 F.3d 478, 485 (10th Cir. 1995), *Accord Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

### IV. PLAINTIFF REQUESTS THAT FURTHER DISCOVERY BE PERMITTED AS TO DEPOSE FURTHER DEFENDANT EMPLOYEES AND THE AMENDENT OF THE FINAL WITNESS LISTS AS DISCOVERY PERMITS.

Plaintiff believes that there are enough facts in dispute to preclude a granting of summary judgment because Movant has failed to demonstrate that their evidence is beyond a reasonable doubt. Plaintiff submits that additional discovery needs to be performed in order to fully respond to the facts regarding the circumstances of the detention and death of G. Morris. The depositions of Defendants Larry Shelton, Aaron Lancaster, Johnathan Hicks, Jansen Idlett, and any other material witnesses or expert witnesses still need to be completed. Plaintiff has not had an opportunity to request or schedule any of the above. Further, productions including, but not limited to: witness lists, videos from the Defendants' dash-cams, productions, and interrogatories; are to be requested to allow Plaintiff to fully assert proof for their claims.

### V. ARGUMENT AND AUTHORITY

#### A. OFFICERS SHELTON, LANCASTER, AND HICKS ARE NOT ENTITLED TO QUALIFIED IMMUNITY

The doctrine of qualified immunity is intended to protect government officials. Qualified immunity has a two prong basis for determining exemption of a government official of liability.

First, "a court must decide whether the facts that a plaintiff has alleged or shown make out a violation of a constitutional right." *Pearson v. Callahan*, 555 U.S. 223, 232 (2009) quoting "Saucier v. Katz, 533 U.S. 194 (2001). The facts asserted above in Section I and II of this Response, demonstrate the allegations of excessive force, under Article II § 30 of the Oklahoma Constitution, and failure to provide medical care, which is covered under U.S. Const. amend. XIV. Excessive force is concerned with objective reasonableness and the facts for failure to provide medical care need to be examined to draw conclusions. Properly, there have been enough facts in dispute that a jury should review these issues.

The second prong "if the plaintiff has satisfied this first step, the court must decide whether the right at issue was "clearly established" at the time of defendant's alleged misconduct." *Id*. at 232. "[T]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). Plaintiff stated facts indicating a violation of the G. Morris's rights. Excessive force clearly violates a party's rights, under Article II § 30 of the Oklahoma Constitution, which are actions a reasonable officer would not do.

Further, the Defendants' cites to an authority, *Pearson*, 555 U.S. 223. The court granted immunity to the officers based upon the qualified immunity doctrine. *Pearson*, 555 U.S. 223. The facts of this case involved an undercover informant provided information that ultimately led to the plaintiff's arrest. The court granted immunity based upon "consent-once-removed." *Id.* at 229-23, 245. In contrast to the circumstances of this present action, Defendants exerted excessive force onto G. Morris, and failed to act reasonably. A prudent officer with prior knowledge, as per the original 9-1-1 call, understood G.Morris may be under the influence of intoxicating substances. Therefore, would know to act in an appropriate manner with such an individual. As

discussed previously, there are disputed facts as to whether or not defendants provided prompt medical care, and therefore, this is to be reviewed by a jury.

Additionally, the court determined the operation of the two prong test of qualified immunity. *Pearson*, 555 U.S. 223 at 236. "The judges of the district courts and the courts of appeals should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand.". *Id*. at 236. They overruled the functions formerly used of the two prong test with a purpose of preventing "cases in which a court will rather quickly and easily decide that there was no violation of clearly established law before turning to the more difficult question whether the relevant facts make out a constitutional question at all. In such situations, there is a risk that a court may not devote as much care as it would in other circumstances to the decision of the constitutional issue." *Id*. at 239 quoting Horne v. Coughlin, 191 F.3d 244, 247 (CA2 1999). It is therefore, up to the court's discretion as to which of the two prongs are to be looked at in concerning whether or not Defendants' are entitled to qualified immunity. However, with this present action, there are disputed facts and Plaintiff asserted claims with factual basis of the Defendants' violating his rights under Article II § 30 of the Oklahoma Constitution and U.S. Const. amend XIV.

### B. OFFICERS LANCASTER HICKS, AND SHELTON ARE ENTITLED TO SUMMARY JUDGMENT ON PALITNIFF'S CLAIM UNDER ARTICLE II, § 30 OF THE OKLAHOMA CONSTITUTION

"Qualified immunity shields federal and state officials from money damages unless a plaintiff pleads facts showing: 1) that the official violated a statutory or constitutional right; and 2) that the right was "clearly established" at the time of the challenged conduct." Ada Elec. Cars,

LLC v. Kemp, 294 P.3d 448, 451 (Okla. 20102) quoting Ashcroft v. al-Kidd, 131 S.Ct. 2074, 2080 (2011).

Plaintiff alleged facts sufficient to match the first prong of the qualified immunity standard. During the time of the Defendants "welfare check" [Doc. #41], excessive force was exerted as a violation of G. Morris's rights. According to the Norman Police Department Criminal Investigations Division Investigative Report (Doc. #14-1), "Captain Praizner's taser report showed . . .three (3) firings that lasted for five (5) second (sic) on 12/16/2012. His approximate time of discharges was 02:05:04, 02:07:33, and 02:07:59." The taser firings contributed to G. Morris's death as shown in the Medical Examiner's report (Exhibit A). The right to be protected from Excessive Force, under Article II § 30 of the Oklahoma Constitution, and to have prompt medical administered, under U.S. Const. amend XIV, is considered to be established since the Defendants were attempting to arrest G. Morris.

Plaintiff previously stated that Defendants were not immune considering the circumstances and excessive force. Plaintiff laid out these issues in "Plaintiff's Response to Defendants Larry Shelton, Aaron Lancaster, and Jonathon Hicks' Motion to Dismiss [Doc. #24]:

> In a case of deputies investigating a domestic disturbance, the Court denied a Deputy Officer's Motion for Summary Judgment and held the officer accountable under Article 2, § 30. *King v. Glanz*, No. 12-cv-137-JED-TLW, 2014 WL 2805313, at *11. Court applied the *Bosh* claim to a non-incarcerated individual, whom also was not being arrested at the time, but questioned. *Id.*, at *8-9. Further, the Deputy Officer asserted immunity under 42 U.S.C § 1983 through reasonable use of deadly force. "In assessing the degree of threat facing an officer, the courts may consider several nonexclusive factors, including: '(1) whether the officers ordered the suspect to drop his weapon, and

the suspect's compliance with police commands; (2) whether any hostile motions were made with the weapon towards the officers; (3) the distance separating the officers and the suspect; and (4) the manifest intentions of the suspect'." Id., at *5 (quoting *Larsen ex rel. Sturdivan v. Murr*. 511 F.3d 1255, 1260 (10th Cir. 2008). The Court in *King* reviewed the circumstances: a mentally ill arrestee being unarmed, hands visible, and feeling did not appear to create an imminent threat to the Deputy Officer. *King*, *at* *4-6. In *King*, the court reasoned facts disputed on critical issues are to be determined by a jury as should the Court find as a reasonable to the instant case. *Id.*, at *7.

## VI. CONCLUSION

**WHEREFORE** the above and foregoing Plaintiff respectfully request that this Court deny Defendants summary judgment in his favor and award him all other relief deemed just and equitable.

Respectfully submitted,

___/s/ Mitchell Garrett____
Mitchell Garrett, OBA#20704
THE GARRETT LAW CENTER, PLLC
P.O. Box 1349
Tulsa, OK 74101
(918) 895-7216
(918) 895-7217 facsimile
*Attorney for Plaintiff*

CERTIFICATE OF SERVICE

I hereby certify that on September 15, 2014, I electronically transmitted the above and foregoing Qualified Immunity Motion for Summary Judgment to the Clerk of Court using the ECF system for filing and the following registrants:

Rickey J. Knighton II, OBA No. 17257
Assistant City Attorney
Kristina L. Bell, OBA No. 21597
P.O. Box 370
201 West Gray
Norman, Oklahoma 73070
*Attorneys for Defendants City of Norman, Norman Police Department,*
 *Keith Humphrey, Larry Shelton, Aaron Lancaster, and Johnathon Hicks*

Devan A. Pederson, OBA No. 16576
Assistant Attorney General
Oklahoma Attorney General's Office
Litigation Section
313 N. E. 21st Street
Oklahoma City, OK 73105
*Attorney for Defendants Jansen Idelett and State of Oklahoma,*
*ex rel., Deparment of Public Safety*

                                                                              /s/ Mitchell Garrett
                                                                               Mitchell Garrett

# INDEX OF EXHIBITS

**No.**

A. Medical Examiner's Report