**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| JUSTIN MORRIS, as administrator for the Estate of George Morris,<br><br>　　Plaintiff,<br><br>v.<br><br>KEITH L. HUMPHREY, *et al.*,<br><br>　　Defendants. | Case No. CIV-14-0497 W |

**DEFENDANT CITY OF NORMAN'S
MOTION FOR SUMMARY JUDGMENT**

**COMES NOW** Defendant, City of Norman, Oklahoma (City), and moves this Court to grant this Motion for Summary Judgment. In support of this Motion, the City submits the following Brief.

**WHEREFORE** the City prays that this Court grant summary judgment in the City's favor and award the City all other relief deemed just and equitable.

<u>**BRIEF IN SUPPORT**</u>

## I.　　INTRODUCTION

The only claims pending against the City are Plaintiff's state law claims for an alleged violation of Article II, § 30 of the Oklahoma Constitution and negligence. *See* Petition at 6-7, July 11, 2014 Order [Doc. Entry No. 33] at 6-7 and 11 n. 14. The City is entitled to summary judgment on these claims

because there can be no vicarious liability after the Court's ruling on Plaintiff's state law claim against Officers Shelton, Lancaster, and Hicks, and the City is immune from liability under 51 O.S. § 155(6).

## II.  THE CITY'S LCvR 56.1 STATEMENT

For purposes of efficiency and economy, the City adopts the statement of facts set forth in Officers Shelton, Lancaster, and Hicks' LCvR 56.1 Statement [Doc. Entry No.41] and this Court's October 2, 2014, Order [Doc. Entry No. 46].

## III.  STANDARD OF REVIEW

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Rule 56(a).  At this stage of the litigation, the court does not evaluate the credibility of the witnesses, *e.g.*, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986), or "weigh the evidence and determine the truth of the matter...."  *Id.* at 249.  Rather, the court must decide "whether there is a genuine issue for trial ... [and] there is no [triable] issue ... unless there is sufficient evidence for favoring the nonmoving party for a jury to return a verdict for that party.  If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."  *Id.* at 249-50 (citations omitted).  The court's inquiry must be whether the evidence, when viewed "through the prism of the substantive evidentiary burden," *id.* at

254, "presents sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52. In making this determination, the court must "'examine the record and all reasonable inferences that might be drawn from it in the light most favorable to the non-moving party.'" *Pinkerton v. Colorado Department of Transportation*, 563 F.3d 1052, 1058 (10th Cir. 2009) (quoting *T-Mobile Central, LLC v. Unified Government of Wyandotte County*, 546 F.3d 1299, 1306 (10th Cir. 2008) (citations omitted)).

## IV.   ARGUMENT AND AUTHORITY

### PROPOSITION I

**THE CITY IS ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S CLAIM UNDER ARTICLE II, § 30 OF THE OKLAHOMA CONSTITUTION.**

In *Bosh v. Cherokee Cnty. Bldg. Auth.*, 2013 OK 9, ¶ 30, 305 P.3d 994, 1004, *reh'g denied*, the Oklahoma Supreme Court recognized a private cause of action under Article II, § 30 of the Oklahoma Constitution against law enforcement officials for excessive force, notwithstanding the limitations of the Oklahoma Governmental Tort Claims Act, 51 O.S. §§ 151 et seq. In an action under Article II, § 30, the common law doctrine of *respondeat superior* applies. *Bosh* at ¶ 32, 1003. Under the common law doctrine of *respondeat superior*, a principal or employer is generally held liable for the wilful acts of an agent or employee acting within the scope of the employment in

furtherance of assigned duties.  *Id.*  at ¶ 9, 998.  However, a judgment on the merits in favor of an employee bars an action against the master, where the injury and damage are the same.  *Barsh v. Mullins*, 1959 OK 2, ¶ 12, 338 P.2d 845, 848.

In the case before this Court, summary judgment on the merits has been entered in favor of the City's employees.  Moreover, the injury and damages alleged by Plaintiff are the same.  Because summary judgment on the merits has been entered in favor of the City's employees and the injury and damages alleged by Plaintiff are the same, Plaintiff's state law claim against the City for an alleged violation of Article II, § 30 of the Oklahoma Constitution is barred.  Consequently, this Court should grant summary judgment in favor of the City on Plaintiff's claim under Article II, § 30 of the Oklahoma Constitution.

## PROPOSITION II

### THE CITY IS ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S NEGLIGENCE CAUSE OF ACTION.

The Oklahoma Governmental Tort Claims Act, 51 O.S. §§ 151 et seq. exempts state and political subdivisions from claims that stem from "the failure to provide, or the method of providing, police, law enforcement or fire protection."  51 O.S. § 155(6).  The Oklahoma Supreme Court has held that "protection" is the operative word, and that immunity therefore attaches under § 155(6) when police are providing "protection" as opposed to carrying

out a "law enforcement function." *Salazar v. City of Okla. City*, 976 P.2d 1056, 1066 (Okla.1999) (italicization omitted). Under Oklahoma law, "protection" includes actions taken to restrain a suspect "from harming herself or others." *Id.* at 1067 (italicization omitted). *See also Myers v. Oklahoma Cnty. Bd. of Cnty. Comm'rs*, 151 F.3d 1313, 1321 (10th Cir. 1998) (concluding that county was immune under § 155(6) for negligent acts of its employees taking individuals into protective custody); *Schmidt v. Grady Cnty.*, 1997 OK 92, 943 P.2d 595 (same).

The undisputed facts in this case show that Officers Shelton, Lancaster, and Hicks' relationship to G. Morris was as a municipality carrying out a police protection function. The undisputed facts in this case show that Officers Shelton, Lancaster, and Hicks were responding to a request for "a welfare check." October 2, 2014 Order [Doc. Entry No. 46] at 3 and 9. Officers Shelton, Lancaster, and Hicks were seeking to protect G. Morris, Trooper Idlett, motorists on I-35, and themselves from harm rather than attempting to arrest G. Morris or otherwise carry out a law enforcement function. *Id.* at 9. Because Plaintiff's negligence claim is related to the method of providing police protection, the City is entitled to immunity from tort liability under 51 O.S. § 155(6).

## V. CONCLUSION

**WHEREFORE** the above and foregoing, the City respectfully requests that this Court grant summary judgment in its favor and award it all other relief deemed just and equitable.

Respectfully submitted,

CITY OF NORMAN, OKLAHOMA
JEFF HARLEY BRYANT, CITY ATTORNEY

by:  s/ *Rickey J. Knighton II*
Rickey J. Knighton II, OBA No. 17257
Assistant City Attorney
Kristina L. Bell, OBA No. 21597
Assistant City Attorney
P.O. Box 370
Norman, Oklahoma 73070
Telephone:  (405) 366-5423
Facsimile:  (405) 366-5425
Email:  rick.knighton@normanok.gov
Email:  kristina.bell@normanok.gov

Attorneys for the City of Norman

## CERTIFICATE OF SERVICE

I hereby certify that on October 8, 2014, I electronically transmitted the above and foregoing Motion for Summary Judgment to the Clerk of Court using the ECF System for filing and the following registrants: Amber N. Peckio Garrett, D. Mitchell Garrett, and Devan Pederson.

s/ *Rickey J. Knighton II*