IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA



FILED

FEB - 2 2015

CARMELITA REEDER SHINN, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY: _____, DEPUTY

JUSTIN MORRIS, as administrator for )
the Estate of George Morris, )
)
Plaintiff, )
)
vs. ) No. CIV-14-497-W
)
KEITH L. HUMPHREY, in his official )
and individual capacities as Chief of )
Norman Police Department, et al., )
)
Defendants. )

## ORDER

Plaintiff Justin Morris, as administrator for the Estate of George Morris, brought this action in the District Court of Cleveland County, Oklahoma, on April 21, 2014, and named multiple defendants. See Doc. 1-4. In his state court petition, Morris alleged that law enforcement officers used unreasonable and excessive force on Morris' father, George Morris ("G Morris"), and he sought monetary relief under title 42, section 1983 of the United States Code and state law against, inter alia, the officers and their employers, City of Norman ("City") and the Oklahoma Highway Patrol ("OHP"), a division of Oklahoma Department of Public Safety.

The action was removed on May 15, 2014, see Doc. 1, and the matter came before the Court on various motions. The only claims that remain for resolution are Morris' state law claims against the City and OHP. See Doc. 55; Doc. 59 at 2.

This Court's basic statutory grants of subject-matter jurisdiction are contained in title 28, sections 1331 and 1332 of the United States Code. Section 1331 provides for

"federal-question" jurisdiction; section 1332 provides for "diversity of citizenship" jurisdiction. E.g., Arbaugh v. Y & H Corporation, 546 U.S. 500, 513 (2006).

Section 1331 jurisdiction is properly invoked when a plaintiff pleads a colorable claim "arising under" the Constitution or laws of the United States. Section 1332 jurisdiction is properly invoked when a plaintiff presents a claim between parties of diverse citizenship and that claim exceeds the required jurisdictional amount, exclusive of interest and costs. In light of Morris' section 1983 claims, the removing defendants relied on section 1331 in their Notice of Removal. See Doc. 1 at 2, ¶ 3.

This Court's subject matter jurisdiction is determined at the time of removal; the Court may therefore retain jurisdiction over a properly removed matter even when, as in this case, all federal claims have been dismissed and the original basis for federal jurisdiction cited by the removing parties no longer exists. Title 28, section 1367(c)(3) of the United States Code, however, permits the Court to decline to exercise supplemental jurisdiction over state law claims if there are no remaining claims over which the Court has original jurisdiction. E.g., Lapides v. Board of Regents of University System of Georgia, 535 U.S. 613, 618 (2002); Smith v. City of Enid, 149 F.3d 1151, 1156 (10th Cir. 1998).

The Court therefore directed the parties to address whether this Court should exercise supplemental jurisdiction over Morris' remaining state law claims against the City and OHP or should decline to do so and either dismiss the remaining state law claims without prejudice or remand the action to state court.

Morris, the City and OHP have responded. Morris has requested remand; the defendants have urged the Court to exercise jurisdiction on the basis of judicial economy as well as convenience and fairness to the parties. OHP has further contended "that there

may well be 'diversity of citizenship,'" Doc. 64 at 4, between the parties under section 1332.

As stated, section 1332 jurisdiction is properly invoked when a plaintiff presents a claim between parties of diverse citizenship and that claim exceeds the required jurisdictional amount, exclusive of interest and costs. There is no dispute that the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. Accordingly, the question is whether the citizenship of the parties is diverse.

Morris, individually, appears to be a citizen and resident of the State of California. See Doc. 9 at 4. However, for purposes of section 1332, Morris, as "the legal representative of the estate of [G Morris, may arguably] . . . be deemed to be a citizen . . . of the same [s]tate as . . . [G Morris: Oklahoma]." 28 U.S.C. § 1332(c)(2).

The individual defendants, Keith L. Humphrey, Larry Shelton, Aaron Lancaster, Jonathon Hicks and Jansen Idlett, are also arguably citizens and residents of the State of Oklahoma, in light of their employment by the City or OHP.

"[A] political subdivision of a [s]tate[, such as the City,] . . . is a citizen of the [s]tate for diversity purposes." Moor v. Alameda County, 411 U.S. 693, 717-18 (1973)(footnote and citations omitted).[1] On the other hand, states and those agencies or instrumentalities that are considered "arm[s] or alter ego[s] of the [s]tate," id. at 717, such as OHP, have no state "citizenship" for purposes of diversity jurisdiction. E.g., id. at 717.

Since OHP is not a "citizen," this action does not involve a dispute "between . . . citizens of different [s]tates," 28 U.S.C. § 1332(a)(1), as statutorily required. That is to say, even assuming the citizenship of Morris is diverse from the citizenship of the individual

---

[1] Defendant Norman Police Department is not a suable entity. See Doc. 33. The Court therefore has not considered this defendant in making its determination.

3

defendants and the City, OHP's presence in this matter precludes diversity jurisdiction. See State Highway Commission v. Utah Construction Co., 278 U.S. 194, 200 (1929)(suit between state and citizen of another state is not between citizens of different states); Dougherty v. University of Oklahoma Board of Regents, 415 Fed. Appx. 23 (10th Cir. 2011).

Having so determined, the Court must decide whether to exercise supplemental jurisdiction on Morris' claims under section 1367(a) against the City and OHP. "When all federal claims have been dismissed, the [C]ourt may, and usually should, decline to exercise jurisdiction over any remaining state claims." Smith, 149 F.3d at 1156 (citations omitted)(emphasis added).[2] "Notions of comity and federalism demand that a state court try its own lawsuits, absent compelling reasons to the contrary." Thatcher Enterprises v. Cache County Corp., 902 F.2d 1472, 1478 (10th Cir. 1990).

Based upon the record and in light of the evolving state law that governs the remaining issues in this matter, see Bosh v. Cherokee Building Authority, 305 P.3d 994 (Okla. 2013);[3] 28 U.S.C. § 1367(c)(1), the Court in its discretion, which is informed by "the

---

[2]As the United States Court of Appeals for the Tenth Circuit has observed, once the

> federal claim has dropped out of the picture, . . . [the] state law claim . . . is no longer supplemental to any federal question claim. Under those circumstances the most common response to a pretrial disposition of federal claims has been to dismiss the state law claim or claims without prejudice–that is the seminal teaching of United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966), reconfirmed in Carnegie-Mellon University v. Cohill, 484 U.S. 343, 350 (1988) and repeated in a host of cases such as Sawyer v. County of Creek, 908 F.2d 663, 668 (10th Cir. 1990).

Ball v. Renner, 54 F.3d 664, 669 (10th Cir. 1995); e.g., id. (recognizing that this concept has been codified in section 1367(c)(3)).

[3]See Perry v. City of Norman, 2014 WL 7177263 (Okla. 2014)(not yet released for publication).

4

nature and extent of pretrial proceedings, judicial economy, convenience, and fairness[,]" id.,[4]

(1) REMANDS[5] this matter to the District Court of Cleveland County, Oklahoma; and

(2) DIRECTS the Clerk of the Court to mail a certified copy of this Order to the Clerk of the state district court to which this matter is remanded.

ENTERED this 2nd day of February, 2015.

LEE R. WEST
UNITED STATES DISTRICT JUDGE

---

[4]As the District Court of Cleveland County, Oklahoma, and this Court are located in the same judicial district as the parties to this action and their counsel, considerations of convenience do not weigh in favor of jurisdiction in either forum. And while this Court has spent substantial time in resolving the federal law questions and, to some extent, certain state law issues, discovery is not yet completed. As to the element of fairness, neither OHP nor the City can claim that remand is unduly prejudicial; the state court is fully capable of resolving the remaining claims. The issues presented by Morris' claim against OHP are briefed and the parties' papers may be submitted for consideration to the state court.

[5]E.g., Lapides, 535 U.S. at 618 (it is clear that absent viable federal claim, court in its discretion might well remand state-law tort claims to state court under 1367(c)(3)).